# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Edward A. Bobrick |
|---|---|---|---|
| **CASE NUMBER** | 00 C 732 | **DATE** | 5/17/2001 |
| **CASE TITLE** | Emmanuel N. Davies vs. Donald F. Campbell | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and Recommendation regarding defendant's motion for imposition of sanctions pursuant to court order is hereby submitted to Judge Guzman. This Court recommends that the complaint be dismissed with prejudice by reason of plaintiff, Emmanuel N. Davies' failure to prosecute his case, and for his failure to comply with the orders of this court and that a judgment be entered against the plaintiff in favor of defendant in the amount of $632.00, representing unnecessary attorney fees and costs suffered by defendant from plaintiff's failure to appear at a scheduled deposition. It is further recommended that all costs and attorney fees be awarded to defendant from plaintiff. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 2 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | MAY 17 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | 1S docketing deputy initials | 29 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 01 MAY 17 PM 1: 23 | 5/17/2001 date mailed notice | |
| ✓ | Copy to judge/magistrate judge. | | | |
| TH ✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | TH mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMMANUEL N. DAVIES, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 00 C 0732 |
| DONALD F. CAMPBELL, Consulting Actuaries, | ) ) ) | Judge Ronald A. Guzman Edward A. Bobrick, Magistrate Judge |
| Defendant. | ) ) | |

DOCKETED
MAY 17 2001

HONORABLE, RONALD A. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT

HONORABLE JUDGE:

### REPORT AND RECOMMENDATION
### Of Magistrate Judge Edward A. Bobrick

Before the court is defendant's MOTION FOR IMPOSITION OF SANCTIONS PURSUANT TO COURT ORDER. This motion arises from plaintiff's failure to comply with court ordered sanctions imposed upon him because of his failure to attend a scheduled deposition.

### I. BACKGROUND

On March 28, 2001, plaintiff, without notification to the defendant, failed to appear at a noticed and scheduled deposition. This resulted in significant and unnecessary costs



to defendant. On March 30, 2001, defendant filed his MOTION FOR SANCTIONS based upon plaintiff's unilateral failure to appear at the scheduled deposition. On April 4, 2001, after a hearing at which all parties were present, defendant's MOTION FOR SANCTIONS was granted and the defendant was awarded reasonable costs and fees resulting from plaintiff's failure to appear at the scheduled deposition. The court, at that time, advised plaintiff that his failure to pay the defendant the fees and costs approved by the court would result in a recommendation from this court that the case be dismissed. An order specifically reciting what had been told to plaintiff in open court was issued that day and plaintiff was further ordered to appear at the next scheduled date set for his deposition.

On April 12, 2001, defendant's Bill of Costs submitted to the court was approved, and plaintiff Davies was ordered to pay defendant, no later than April 27, 2001, the sum of $632 representing reasonable costs and fees incurred by defendant from plaintiff's failure to attend the scheduled deposition. The order of April 12, 2001, again admonished plaintiff that "failure to pay to defendant the $632, (representing reasonable and necessary costs and fees) will result in this court recommending that plaintiff's case be dismissed with prejudice." The matter was ordered for status hearing on April 30, 2001.

On April 30, 2001, plaintiff failed to appear at the ordered status hearing; defendant was present. On April 30, 2001, defendant served upon plaintiff his MOTION FOR

IMPOSITION OF SANCTIONS PURSUANT TO COURT ORDER.[1] The defendant's motion was supported by affidavits and other documents showing that plaintiff had not paid defendant the $632 as ordered by the court on April 12, 2001.

On May 8, 2001, defendant presented its MOTION FOR IMPOSITION OF SANCTIONS PURSUANT TO COURT ORDER. Plaintiff failed to appear at this hearing and defendant's motion was granted. On May 9, 2001, this court, *sua sponte,* granted plaintiff leave until May 16, 2001, to file any motion for reconsideration of its' May 8, 2001 order granting defendant's MOTION FOR IMPOSITION OF SANCTIONS. Plaintiff has not presented any motion for reconsideration of the May 8, 2001 order.

## II. DISCUSSION

A court possesses inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute. *Dickerson v. Board of Educ. Of Ford Heights, Ill.,* 32 F.3d 1114, 1116 (7th Cir. 1994). The Federal Rules of Civil Procedure provide courts with specific authority to dismiss an action or any claim for failure to prosecute or failure to comply with an order of court. Fed.R.Civ.P. 41(b). The court may infer a lack of prosecutorial intent from various factors, including the failure to appear at a scheduled hearing. *GCIU*

---

[1] The motion, served upon plaintiff, notified him that the matter would be presented to the court for ruling on May 8, 2001 at 10:00 a.m.

3

*Employer Retirement Fund v. Chicago Tribune*, 8 F.3d 1195, 1199 (7th Cir. 1993). But this case involves more than that.

Plaintiff has failed to comply with the court order regarding sanctionable conduct. He has missed two hearings regarding his failures. He has been warned of the consequences of his continued non-compliance, but to no avail. See, *Williams v. Chicago Bd. Of Educ.*, 155 F.3rd 853, 857-858 (7th Cir. 1998). No more is required to allow for dismissal of the plaintiff's case.[2]

### III. CONCLUSION

For the foregoing reasons, it is hereby recommended that the complaint be dismissed with prejudice by reason of plaintiff, Emmanuel N. Davies' failure to prosecute his case, and for his failure to comply with the orders of this court and that a judgment be entered against plaintiff in favor of defendant in the amount of $632.00, representing

---

[2] While our recommendation is solely based upon plaintiff Davies' failure to comply with the court orders, and his failure to appear at hearings, we have grave doubts as to the legitimacy of his complaint in light of his own declarations made in an affidavit filed in case 99 C 0026, entitled, *Davis - v- Special Educational Services*. In a document entitled, "APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT" dated and filed in that case on December 29, 1998, he declared under penalty of perjury "as of January 18, 1999 I will be unemploy because I will be in school." He further stated in said affidavit that his last date of employment was to be January 18, 1999. In the instant case plaintiff alleges he was fired on January 15, 1999 because of his Liberian nationality. Interestingly, January 15, 1999 is a Friday and January 18, 1999 is the following Monday.

4

unnecessary attorney fees and costs suffered by defendant from plaintiff's failure to appear at a schedule deposition. It is further recommended that all costs and attorney fees be awarded to defendant from plaintiff.

Respectfully submitted,

*Edward A. Bobrick*

**EDWARD A. BOBRICK**
**U.S. Magistrate Judge**

**DATE:** May 17, 2001

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985); The Provident Bank v. Manor Steel Corp., 882 F.2d 258 (7th Cir. 1989).

Copies to:  Emmanuel N. Davies         Douglas Kent Morrison
            P.O. Box 268423             Morrison & Mix
            Chicago, IL 606026          120 N. LaSalle Street, Ste. 2750
                                        Chicago, IL 60602

On May 17, 2001, a copy of this Report and Recommendation was mailed to Emmanuel Davies and the above mentioned attorney.

*Theresa Hammonds*
Theresa Hammonds
Courtroom Deputy

5