Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 732 | **DATE** | 6/15/2001 |
| **CASE TITLE** | EMMANUEL N. DAVIES vs. DONALD F. CAMPBELL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: this complaint is dismissed with prejudice by reason of Plaintiff, Emmanuel N. Davies' failure to prosecute his case, and for his failure to comply with the orders of this court. Judgment is hereby entered against Plaintiff in favor of Defendant in the amount of $632.00, representing unnecessary attorney fees and costs suffered by Defendant as a result of Plaintiff's failure to appear at his scheduled deposition and before this court. Each party is to bear its costs This case is hereby terminated.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 2 0 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 30 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUN 19 AM 9: 19 | | |
| CG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 2 0 2001

EMMANUEL N. DAVIES, )
)
Plaintiff, )
) No. 00 C 732
v. ) Judge Ronald A. Guzman
)
)
)
DONALD F. CAMPBELL, )
Consulting Actuaries, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Before the court is Magistrate Judge Bobrick's Report and Recommendation which addressed Defendant Donald F. Campbell Consulting Actuaries' motion for imposition of discovery sanctions against Plaintiff Emmanuel Davies. This motion arises as a result of Plaintiff's failure to comply with the court ordered sanctions imposed upon him because of his failure to attend a scheduled deposition. Magistrate Judge Bobrick recommended that Defendant's motion be granted and Plaintiff's complaint dismissed with prejudice and costs. For the reasons set forth below we adopt Magistrate Bobrick's Report and Recommendation in full.

## BACKGROUND FACTS

On March 28, 2001, Plaintiff, without notification to the Defendant, failed to appear at a noticed and scheduled deposition. This resulted in significant and unnecessary costs to Defendant. On March 30, 2001, Defendant filed his motion for sanctions based upon Plaintiff's

1

unilateral failure to appear at the scheduled deposition. On April 4, 2001, after a hearing at which all parties were present, Defendant's motion for sanctions was granted and the Defendant was awarded reasonable costs and fees resulting from Plaintiff's failure to appear at the scheduled deposition. The court, at that time, advised Plaintiff that his failure to pay the Defendant the fees and costs approved by the court could result in dismissal. An order specifically reciting what had been told to Plaintiff in open court was issued that day and Plaintiff was further ordered to appear at the next scheduled date for his deposition.

On April 12, 2001, Defendant' Bill of Costs submitted to the court was approved, and Plaintiff Davies was ordered to pay Defendant, no later than April 27, 2001, the sum of $632 representing reasonable costs and fees incurred by Defendant from Plaintiff's failure to attend the scheduled deposition. The order of April 12, 2001, again admonished Plaintiff that "failure to pay to Defendant the $632,(representing reasonable and necessary costs and fees) will result in this court recommending that Plaintiff's case be dismissed with prejudice." The matter was ordered for status hearing on April 30, 2001.

On April 30, 2001, Plaintiff failed to appear at the ordered status hearing; Defendant was present. On April 30, 2001, Defendant served upon Plaintiff his motion for imposition of sanctions pursuant to court order. The Defendant's motion was supported by affidavits and other documents showing that plaintiff had not paid defendant $632 as ordered by the court on April 12, 2001.

On May 8, 2001, Defendant presented its motion for imposition of sanctions pursuant to court order. Plaintiff failed to appear at this hearing and Defendant's motion was granted. On May 9, 2001, this court, *sua sponte*, granted Plaintiff leave until May 16, 2001, to file any motion

2

for reconsideration of it's May 8, 2001 order granting Defendant's motion for imposition of sanctions. Plaintiff has not presented any motion for reconsideration of the May 8, 2001 order. Plaintiff failed to appear before this court on May 16, 2001 and has failed to file any objections to Magistrate Bobrick's Report and Recommendation.

## DISCUSSION

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. *See* Fed. R.Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. *Id.*

Rule 41(b) of the Federal Rules of Civil Procedure states:

Involuntary Dismissal: Effect thereof. For failure of the plaintiff to prosecute or to comply with these rules or any other order of the court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule..operates as an adjudication upon the merits.

When deciding whether to dismiss a suit for failure to prosecute, the court should, ideally, consider the following factors: (1) the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit; (2) the apportionment of responsibility for failure between counsel and plaintiff; (3) appropriateness of sanctioning counsel rather then plaintiff; (4) the effect of the failure in taxing the court's time and disrupting the calendar to prejudice other litigants; (5) prejudice to defendant from dilatory conduct; (6) probable merits of the suit; and (7) consequences of dismissal. *See Ball v. City of Chicago,* 2 F.3d 752-759-60 (7th Cir. 1993).

3

A court possesses inherent authority to dismiss a case *sua sponte* for a plaintiff's intentional failure to prosecute. *Dickerson v. Board of Educ. Of Ford Heights, Ill.*, 32 F.3d. 1114, 1116 (7th. Cir. 1994). The Federal Rules of Civil Procedure provide courts with specific authority to dismiss an action or any claim for failure to prosecute or failure to comply with an order of court. Fed. R. Civ. P. 41(b). The court may infer a lack of prosecutorial effort from various factors, including the failure to appear at a scheduled hearing. *GCIU Employer Retirement Fund v. Chicago Tribune*, 8 F.3d. 1195, 1199 (7th Cir. 1993). Keeping these factors in mind, the court now considers Defendant's motion for sanctions.

The procedural history of this case reveals that Plaintiff has not respected the court imposed deadlines and dates on more than one occasion. Furthermore, Plaintiff has failed to comply with this court's order regarding sanctionable conduct. He has missed two hearings regarding his failures. He has been warned of the consequences of his continued non-compliance, but to no avail. See, *Williams v. Chicago Bd. Of Educ.*, 155 F.3d. 853, 857-858 (7th. Cir. 1998). Plaintiff's behavior suggests that he does not view his case as being important. He made no effort to attend his deposition nor did he call Defendants to let them know he would not be attending the deposition. In addition, Plaintiff has been warned that his case would be dismissed for failure to appear before this court and for his deposition. Finally, as Magistrate Bobrick noted in footnote 2 of his Report and Recommendation the merits of Plaintiff's case are in doubt in light of Plaintiff's declarations made in a affidavit filed in case No. 99C0026, entitled, *Davis v. Special Educational Services.* In Plaintiff's Application to Proceed Without Prepayment of Fees an Affidavit dated and filed in that case on December 29, 1998, he declared under penalty of perjury "as of January 18, 1999 I will be unemploy[ed] because I will be in

4

school." He further stated that his last date of employment was to be January 18, 1999. In the instant case Plaintiff has alleged that he was fired on January 15, 1999 because of his Liberian nationality and his fear of heights. To date, he has offered absolutely no facts to support his claim nor has he prosecuted it. Accordingly, the court adopts Magistrate Bobrick's Report and Recommendation.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with prejudice by reason of Plaintiff, Emmanuel N. Davies' failure to prosecute his case, and for his failure to comply with the orders of this court. Judgment is hereby entered against Plaintiff in favor of Defendant in the amount of $632.00, representing unnecessary attorney fees and costs suffered by Defendant as a result of Plaintiff's failure to appear at his scheduled deposition and before this court. Each party is to bear its costs This case is hereby terminated.

**SO ORDERED**

ENTERED: 6/15/01

HON. RONALD A. GUZMAN
United States Judge